

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

THE CITY OF ALEXANDRIA,     )     CIVIL ACTION NO.: 1:05-cv-1121
           Plaintiff,     )
    )
VERSUS     )
    )      JUDGE DEE D. DRELL
CLECO CORPORATION, CLECO POWER,     )
L.L.C., CLECO MARKETING AND     )
TRADING, L.L.C., CLECO GENERATION     )
SERVICES, L.L.C., CLECO MIDSTREAM     )      MAGISTRATE JUDGE
RESOURCES, L.L.C, AND CLECO     )      C. MICHAEL HILL
EVANGELINE, L.L.C.,     )
           Defendants.     )

# PROTECTIVE ORDER

## SCOPE OF PROTECTIVE ORDER REGARDING CONFIDENTIALITY

1.    The terms of this Protective Order shall govern the disclosure, use, and disposition of confidential materials in the above-captioned litigation.

2.    This Protective Order applies to confidential information, documents and things, including, without limitation, designated testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and tangible things produced, and answers to requests for admissions.

## DESIGNATION OF CONFIDENTIAL INFORMATION

3.    "Confidential Information," as used herein, means any type or classification of information, so designated, that is proprietary, commercially sensitive, or that falls within the term "trade secret." Confidential Information shall also include all information previously produced and considered as confidential in the prior mediation proceedings and governed by orders from the Court.

4.     Confidential Information may include information in any form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or response to a request for production, information revealed in a response to a request for admission, or otherwise.

5.     In designating information as Confidential Information, the designating party will make such designation as to information that it in good faith believes qualifies as Confidential Information.    The designation will also include a reason or reasons why the information disclosed should be considered confidential as defined in paragraph 3 above.    Confidential Information shall be designated by marking "CONFIDENTIAL," or a designation similar in substance, on the thing or each page of a document containing the Confidential Information. A document need not be treated or considered as confidential unless and until it is marked "CONFIDENTIAL" or parties are notified in writing that a document is to be treated and considered as confidential.   Further, any information which does not precisely fit the categories in Section 3 may be presented to the Court for a confidentiality decision pursuant to Section 24 prior to release to the opposing party.

6.     In the event that one copy of a document is properly designated as containing Confidential Information as set out above, and one or more copies of the document or the original are not so designated, the copies or original shall also be treated as confidential if the receiving party is actually aware of such fact.   In any event, if written notice of the inconsistent designation is given to the receiving party and the originals or copies previously not so designated are then designated "CONFIDENTIAL," the receiving party shall be charged with maintaining the appropriate confidence after such designation.

- 2 -

7.    In the case of a deposition transcript, a party claiming that information contained therein is confidential shall advise other counsel in writing of the specific pages of the deposition to be treated as Confidential Information and why such designation is appropriate within ten (10) days following receipt of the transcript of the deposition. Alternatively, information disclosed at a deposition may be designated by the disclosing party as "CONFIDENTIAL" by indicating on the record at the deposition those portions or categories of information or testimony that are Confidential Information. The portions of the deposition testimony containing Confidential Information shall be stamped "CONFIDENTIAL" by the court reporter, and access thereto shall be limited as provided herein. Failure of the court reporter to stamp the transcript or testimony shall not affect the confidential designation or nature of the information, or the requirement of maintaining confidentiality pursuant to this Order.

8.    Confidential documents shall not lose their confidential character simply because the documents are designated as exhibits to a deposition, regardless of whether the deposition or deposition transcript is itself later designated, in whole or in part, as "CONFIDENTIAL."

9.    Any material which is being produced in an electronic format, whether by CD-ROM, computer disk, magnetic tape, or otherwise, may be designated "CONFIDENTIAL" by marking the object or thing containing the information sought to be designated as such.

## USE OF CONFIDENTIAL INFORMATION

10.    All Confidential Information shall be subject to the following restrictions:

    a.    The documents and information shall be used solely for the purpose of this litigation, and shall not be used for any other purpose;

    b.    The documents and information shall not be shown or communicated in any way inconsistent with this Protective Order

- 3 -

to anyone other than those categories of persons designated herein; and,

c.   No person receiving Confidential Information pursuant to the terms of this Protective Order shall disclose it to anyone except as expressly allowed by this Protective Order.

11.   Each party shall cause its employees, counsel, witnesses, experts or others to maintain and protect the confidentiality of the Confidential Information in accordance with the terms of this Protective Order.  All persons having access to Confidential Information shall be put on notice that violation of the Protective Order shall subject them to sanctions.

12.   Each individual who receives Confidential Information agrees to subject himself or herself to the jurisdiction of this Court for purposes of any and all proceedings relating to compliance with or violation of this Protective Order.

### PERSONS WITH WHOM CONFIDENTIAL INFORMATION MAY BE SHARED

13.   Access to Confidential Information shall be restricted solely to the following persons:

(i)   Counsel of record for the parties and attorneys employed by law firms who are counsel of record for the parties.

(ii)   Clerical personnel and paralegals employed by such attorneys and parties, but only in the course of assisting the attorneys in this proceeding.

(iii)   Employees of each of the parties, to the extent that such employee reasonably requires access to such documents for the purpose of assisting in this proceeding.

(iv)   Any consulting or testifying experts who:  (1) have been retained by a party or its attorneys as an expert in this proceeding; and, prior to gaining such access, (2) have signed a document in the form of Exhibit "A" attached hereto, which document shall be exchanged with counsel for the designating party at least seven (7) days in advance of the disclosure of Confidential Information.

(v)    Non-employee deponents and other potential witnesses in this proceeding who have signed a document in the form of Exhibit "A" attached hereto, which document shall be exchanged with counsel for the designating party at least seven (7) days in advance of the disclosure of Confidential Information. Non-employee deponents and other potential fact witnesses will not be permitted to keep a copy of the confidential documents or information.

(vi)    Judges and magistrates, court personnel, special masters, mediators, and court reporters and videographers attending or transcribing a deposition containing Confidential Information, in connection with this proceeding.

(vii)    Any other person who is designated to receive Confidential Information by: (1) stipulation of the designating party or non-party; or (2) order of the Court.

14.    Unless designated in accordance with paragraph 3 of the Plan of Work (R. Doc. 246-2) adopted as the revised Scheduling Order in this action (R. Doc. 248), documents and information produced during the audit process shall continue to be governed by the Agreed Order (R. Doc. 35) and the Protective Order (R. Doc. 34).

15.    All documents, testimony, and other materials designated as containing Confidential Information, as well as duplicates, notes, memoranda and other documents referring in whole or in part to the confidential materials, shall be maintained in strictest confidence by all parties and their counsel. No persons other than persons identified in Paragraph 13, subparagraphs (i), (ii), (iii), (vi), and (vii), and Paragraph 14 of this Protective Order, shall review or participate in the review of any such Confidential Information until that person signs an agreement in the form attached hereto as Exhibit "A," binding that person to the terms of this Protective Order. A copy of an executed acknowledgement in the form of Exhibit "A" attached hereto shall be exchanged with counsel for the designating party at least seven (7) days in advance of the disclosure of Confidential Information.

16.   Persons to whom disclosure can be made by execution and delivery of a copy of Exhibit "A" shall be limited, as specified in Paragraph 13 of this Protective Order, to any person or entity specified in Paragraph 13, subparts (iv) and (v).   Prior to the disclosure of any Confidential Information to any person or entity specified in Paragraph 13, subparts (iv) and (v), counsel shall advise said person or entity of the provisions of this Order and said person or entity must agree to be bound by all the terms of this Order, including agreeing to maintain the Confidential Information in confidence and agreeing not to disclose the Confidential Information except in accordance with the terms of this Order.   In addition, all deponents to whom Confidential Information is disclosed at deposition without first obtaining an Exhibit "A" agreement are hereby ordered to comply with the terms of this Order, including maintaining the disclosed Confidential Information in confidence and not disclosing the Confidential Information except in accordance with the terms of this Order.   Counsel shall retain all Exhibit "A" undertakings signed during the course of these proceedings, copies of which shall be exchanged with counsel for the designating party at least seven (7) days in advance of the disclosure of Confidential Information.   Nothing contained herein, however, shall prohibit the designating party from exchanging its own Confidential Information with its own testifying or consulting experts, and the designating party shall have no obligation to exchange a copy of an executed acknowledgement in the form of Exhibit "A" attached hereto with opposing counsel under such circumstances.

17.   When any document that includes Confidential Information is filed in this proceeding, the Court is to be informed and must retain that document in the strictest of confidence, unavailable to the public.

18. This Protective Order does not limit the right of the producing party to use its own Confidential Information for any purpose.

19. The parties, their attorneys, and expert witnesses may retain copies of Confidential Information through the end of this proceeding. All retained documents shall be subject to the recovery provisions set forth in paragraph 31 below.

20. If Confidential Information in the possession of a party to this action is subpoenaed or requested by any court, administrative agency, legislative body, or any other person not a party to this action, the entity to whom the subpoena is directed shall (i) immediately notify in writing counsel for the designating party, advising counsel of the response time for the order or subpoena, and (ii) notify the subpoenaing court, person, or entity of the existence of this Protective Order and that the information demanded has been identified as confidential pursuant to this Protective Order. The responsibility for attempting to prevent the disclosure or production of such Confidential Information shall rest with the party who designated the information as Confidential Information, and it shall respond within the time designated in the subpoena. A party's voluntary compliance with a subpoena for that party's Confidential Information shall not be construed as a waiver of the confidentiality provisions of this Protective Order.

21. Nothing in this Order shall bar or otherwise restrict any attorney in this proceeding from rendering advice to his client with respect to litigation and, in the course thereof, referring to or relying upon his examination of Confidential Information.

22. Non-parties providing information may designate such information as Confidential Information in accordance with this Protective Order. The Confidential Information designations contained thereon, if any, shall have the same force and effect as if those designations were

- 7 -

pursuant to the terms of this Protective Order. The provisions of this Order relating to the challenge of the assertion of confidentiality shall apply to information provided by non-parties that is designated as Confidential Information.

## RAISING CHALLENGES

23. This Protective Order shall be without prejudice to the right of the parties to request additional or differing protection. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

24. The party designating information as confidential shall identify the information as such with a further designation of why the information should be so designated. Prior to bringing any such question before the Court, the parties shall try first to dispose of such dispute by meeting and conferring, in person or otherwise, in good faith on an informal basis, absent an agreement. The Court will determine all confidentiality issues ex parte, after a telephone conference with representative counsel for the parties.

25. Without waiver of the foregoing, any party may bring before the Court at any appropriate time the question of:

(i)   whether any particular information is or is not appropriately designated as Confidential Information;

(ii)   the need to be relieved of any obligation of the Protective Order;

(iii)   a modification or withdrawal of the Protective Order;

(iv)   any other action affecting discovery, the use of documents or information, or the Protective Order.

26. All issues of discovery, the use of documents and information (including Confidential Information), and regarding this Protective Order, its terms or construction, compliance therewith, or enforcement thereof, shall be brought before and decided by this Court.

27.    If the designating party, upon receipt of a signed Acknowledgment in the form of Exhibit "A" that has been executed by any person or entity specified in Paragraph 13, subparts (iv) and (v), objects to the disclosure of Confidential Information to the proposed recipient, the designating party shall provide written notice of the objection to the receiving party within seven (7) days of receipt, and no Confidential Information shall be provided to the proposed recipient until this Court resolves the objection.

28.    Nothing herein is intended to or shall change the burden of proof.

## INADVERTENT OR UNINTENTIONAL DISCLOSURE

29.    An inadvertent or unintentional disclosure of Confidential Information or privileged material will not be construed as a waiver, in whole or in part, of (i) any party's claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior to or after that date, or (ii) any party's right to designate said material as "CONFIDENTIAL" pursuant to this Protective Order.   This Protective Order does not in any way deprive any party of its right to contest another party's claims to protection for confidential or privileged information.   The other party shall not be in violation of this Protective Order with respect to disclosures to other persons made by the other party prior to the designation of that information as Confidential Information pursuant to this Protective Order.

30.    Should    any    documents,    testimony,    or    information    designated    as "CONFIDENTIAL" be disclosed, inadvertently or otherwise, to any person or party not authorized under this Order, then the party responsible for the disclosure shall use its best efforts to (i) promptly retrieve the disclosed documents, testimony, or information from such unauthorized person or party; (ii) promptly inform such person or party of all the provisions of

this Order; (iii) request such person or party sign the Acknowledgement attached as Exhibit "A"; and (iv) deliver a copy of the signed Acknowledgement to counsel for the designating party. Nothing in this paragraph shall limit the right of the party that designated the Confidential Information to seek any appropriate sanction or remedy against the party that inadvertently or otherwise disclosed the Confidential Information to a person or party not authorized under this Protective Order.

31.     Privileged material that is inadvertently or unintentionally produced shall be returned to the producing party either upon request or promptly upon discovery of the inadvertent or unintentional disclosure, whichever occurs first.  If the issue of privilege or intent of production is challenged, the receiving party may retain the alleged privileged material until the issue is determined by the Court, but such material shall be treated as Confidential Information.  As the inadvertent or unintentional production of alleged privileged information shall not be construed or argued to be a waiver of the privilege, neither shall its return be construed as an admission that a privilege exists.

## RELEASE AND DESTRUCTION OF CONFIDENTIAL INFORMATION

32.     This Protective Order shall survive the final termination of this action and shall remain in effect after the conclusion of this litigation.   Within ninety (90) days after the conclusion of this proceeding (including any appeal from any awards or judgments), and subject to further order of the Court or written stipulation of the parties, upon written request each party shall either (i) return all Confidential Information to the party that designated the information as Confidential Information or (ii) destroy all documents, exhibits, deposition transcripts, and all copies and summaries, or their pertinent parts that contain Confidential Information.   The destruction of materials as specified in items (i) and (ii) above includes pertinent portions of all

notes, memoranda, summaries, or other documents (excluding pleadings, attorney notes, and work product) in the possession, custody, or control of any party or any entity or other person who had access to such information, including each party's attorneys, witnesses and experts.

### **MISCELLANEOUS PROVISIONS**

33.     This Protective Order may only be modified (a) by a written agreement signed by all interested parties, or (b) by subsequent order of the Court.

34.     Nothing herein shall be deemed a waiver of any right of the parties hereto under state and federal law, or the doctrines of attorney-client privilege, or attorney work product, or other protective doctrine.

**SO ORDERED** at Alexandria, Louisiana, this _30th_ day of _December_ 2009.


_____
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

### **ACKNOWLEDGMENT OF CONFIDENTIAL MATERIAL AND AGREEMENT TO BE BOUND BY THE TERMS OF THE CONFIDENTIALITY ORDER**

I, _____ declare as follows:

1.      I have read the Protective Order issued in this proceeding and agree to be bound by its terms.

2.      I understand that unauthorized disclosure or use of documents and information designated as "CONFIDENTIAL" will breach this agreement and may subject me to sanctions, among other things.

3.      I submit to the jurisdiction of the United States District Court for the Western District of Louisiana, for resolution of any and all disputes regarding the Protective Order, including its interpretation, meaning and construction; disputes regarding or arising from documents and information provided pursuant to or subject to the Order; and, allegations of breach or noncompliance with the Order.  I further agree to accept service by mail of any pleading or notice pertaining to this Order, including without limitation its meaning, and specifically including any motion for sanctions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____          _____
                                                Declarant
                                                _____
                                                Street Address (no post office box)
                                                _____
                                                City, State, zip code

- 12 -