

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CITY OF ALEXANDRIA | CIVIL ACTION NO. 1:05-CV-01121 |
| -vs- | JUDGE DRELL |
| CLECO CORP., et al. | MAGISTRATE JUDGE KIRK |

### ORDER

On January 14, 2010, beginning at 3:15 P.M., the Court held a teleconference with counsel for both parties involved in this litigation. The purpose of this teleconference was to discuss a number of ongoing disagreements between the parties regarding discovery. Given the rapidly approaching trial date in this case, the Court will remain willing to assist the parties in resolving these types of disputes on an expedited basis to whatever extent possible. After extensive discussion, and after carefully considering the positions of the respective parties, the Court **ORDERS** as follows:

(1) The Court has reviewed its prior orders concerning the confidentiality of the KPMG draft report, which was prepared early in this case entirely for purposes of mediation. Those orders include the January 19, 2006 Protective Order (Doc. 34), the January 19, 2006 Agreed Order (Doc. 35), and the March 5, 2007 Audit Report Distribution Protocol (Doc. 64). In light of these prior rulings, the Court hereby **ORDERS that the KPMG draft report is not subject to further disclosure during the discovery process beyond the scope of the Court's prior orders.** Rather, pursuant to the Court's prior orders, the report will remain confidential and protected from disclosure. The background documentation submitted to KPMG for preparation of the draft report is, however, subject to disclosure, as discussed during the teleconference.

(2) The Court **RESERVES RULING** upon any controversy as to the proposed disclosure of a report referred to by the parties as the "2002 Deloitte &

Touche Report" pending the filing of any motion to compel discovery regarding the same.

(3) The Plaintiff, the City of Alexandria ("City"), seeks disclosure of documents referred to by the parties as "deal tickets," evidencing energy trades for each day of trading during the period ranging from January 1, 1995 to June 22, 2005, regardless of whether an energy trade was made on behalf of the City or someone else on the particular day in question. Disclosure of the deal tickets as requested, however, would likely impose an undue, and potentially insurmountable production burden upon the Defendants, Cleco Corp. et al. ("Cleco"). Moreover, deal tickets evidencing energy trades on behalf of other entities, which took place on days during which trades were not made on the City's behalf, are neither relevant in themselves nor likely to lead to the discovery of admissible evidence. Thus, the Court **ORDERS** that deal tickets will be disclosed under the following conditions:

    (a) Deal tickets will be made available at Cleco's office in Pineville, Louisiana, for review by the City's attorneys and/or experts, beginning on **Tuesday, January 19, 2010**;

    (b) Deal tickets will be disclosed **only if they were generated on days during which energy trades were conducted on behalf of the City**;

    (c) Deal tickets will be disclosed for every trade that satisfies the preceding condition which took place **between January 1, 1995 and June 22, 2005**;

    (d) The City and Cleco may arrange for reproduction of the deal tickets produced to be supplied to attorneys for the City; and

    (e) Computerized evidence of these trades, which has been referred to by the parties as "Allegro" data, is also to be produced as soon as possible, but **no later than January 27, 2010**.

(4) In documents submitted to the Court in preparation for the teleconference, the City contended that Cleco is marking disclosed documents as "confidential" without further designation. This practice, according to counsel for the City, contravenes the terms of the Protective Order signed by this Court on December 30, 2009 (Doc. 285). Although the issue was not specifically addressed during the teleconference, the Court notes the City's concern, and resolves it as follows. Pursuant to the December 30, 2009 Protective Order, the Court's default ruling in discovery depositions, in trial depositions, and at trial will be that **any exhibit, even if previously marked as confidential, may be used in the examination of a witness, unless and until timely advance objections are filed with the Court.** However, all witnesses must be instructed that they may not further

disclose the content of any document shown to them without the permission of Cleco or the Court. Further, no witness will be given a copy of any such document unless agreed by both parties or on authorization of the Court.

(5)  The City will respond to discovery requests propounded to it **by the close of business on this date, January 15, 2010.**

Finally, all discovery will be conducted pursuant to the terms of the December 30, 2009 Protective Order, except as modified herein.

SIGNED on this 15th day of January, 2010, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE