

RECEIVED
JAN 28 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| CITY OF ALEXANDRIA | CIVIL DOCKET NO. 1:05-cv-01121 |
|---|---|
| -vs- | JUDGE DRELL |
| CLECO CORP., et al. | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

On January 27, 2010, beginning at 2:00 P.M., the Court conducted a hearing on three discovery motions recently filed by the parties in this case. The Court also conferred in chambers with all attorneys present for a status conference. After carefully considering the parties' arguments, as articulated in their filings at the hearing and as a part of the conference, the Court orders and rules as follows:

In conjunction with the City of Alexandria's ("City's") motion to compel, the Court finds at this juncture, after oral argument that the supplementary deal tickets requested by the City may be likely to lead to the discovery of admissible evidence considering the City's demands. The current order is limited, as we merely find that, at this point, the documents are discoverable and covered by the protective order issued on December 30, 2009 (Doc. 285). Therefore, the City's motion to compel (Doc. 319) will be GRANTED, and Cleco,

*et al.* ("Cleco") is ORDERED to disclose all deal tickets generated between January 1, 1995 and June 22, 2005.

Next, considering Cleco's motion for contempt, which requests that the Court: (1) order the City to supplement its responses to discovery requests as directed by the Court during the January 14, 2010 teleconference; and (2) hold counsel for the City in contempt for its alleged failure to comply with the Court's January 15, 2010 order, Cleco correctly points out that, following the teleconference, the Court ordered the City to "respond to discovery requests propounded to it by the close of business on January 15, 2010." (Doc. 298, p. 3).

The basis of Cleco's motion is, in essence, that the City's responses to interrogatories as of January 20, 2010, merely reassert the City's previous objections, and fail to identify the specific transactions and misrepresentations underlying the City's claims. Furthermore, Cleco argues that the City has maintained possession of at least some of the information necessary to adequately respond to these requests since 2006. The City contends that its responses have identified a number of particular instances of misconduct on Cleco's part, even more broad transactions which may give rise to liability, and have done so to the full extent of its capabilities given the progress of discovery thus far.

After reviewing the attachments to the parties' filings on this motion,

2

the Court finds that sufficient detail was included in the City's responses to escape a contempt citation. However, Cleco is entitled to much greater specificity in order to prepare an adequate defense for trial, particularly with regard to the specific instances of alleged misconduct which form the basis of the City's claims. While the City will be allowed to supplement its responses as more information becomes available to it, counsel for the City must promptly provide Cleco with the information already in its possession. Therefore, Cleco's motion for contempt is DENIED, but the City is ORDERED to supplement its responses to discovery requests propounded to it by February 3, 2010.

Finally, the City moves for an extension of time to exchange expert reports, arguing that the Court's current deadline for the exchange of expert reports, January 31, 2010, cannot reasonably be met. (Doc. 323). We are persuaded that documents are being received and reviewed at present at an accelerated pace, but that the process will be strained, if not impossible to complete, within a few days. The additional production of the remaining voluminous deal tickets, will likewise compound the problem significantly.

However, Cleco points out, and correctly so, that the City was given at least some opportunity to conduct discovery and begin preparing expert reports following the Court's "Dual Track Order" (Doc. 99) and the Court's first extension of the deadline for exchanging expert reports (Doc. 262). Also of

significant concern is the fact that Cleco would receive the expert reports merely twelve days prior to February 22 if the Court granted the motion as the circumstances stand.

In light of these indications regarding reduced length of trial, and the practical logistical difficulties still facing both parties, the Court hereby ORDERS that evidence in this matter will commence being taken on March 8, 2010. Accordingly, the Court expects the parties to reach an agreement upon and advise the Court of a mutually convenient deadline for exchanging expert reports, which deadline must be prior to March 8, 2010. Thus:

1. the City of Alexandria's first motion to compel adequate discovery responses (Doc. 319) is GRANTED, and Cleco is ORDERED to produce all deal tickets generated on any date between January 1, 1995 and June 22, 2005, and all Allegro data evidencing all energy trades made by Cleco during the same period, regardless of whether a trade was made on behalf of the City on a particular date;

2. the motion for contempt (Doc. 322) filed by Cleco, *et al.* is DENIED, but the City is ORDERED to supplement its responses to the original discovery requests propounded to it by February 3, 2010 to disclose in full every transaction of which it was aware and which provided a basis for this suit. Transactions determined to have been discerned through discovery to Cleco are not covered by <u>this</u> order but must be provided

4

      by subsequent supplementation of discovery responses;

3. counsel having determined that the court time allotted to this case will likely be less than the court days assigned, the taking of evidence in this matter will begin on March 8, 2010; and

4. the City's opposed motion for an extension of time to exchange expert reports (Doc. 323) is GRANTED, and the parties are hereby ORDERED to advise the Court of a deadline agreed upon by both parties for the completed exchange of expert reports, which deadline must fall prior to March 8, 2010.

SIGNED on this 28th day of January, 2010, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE