

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **CITY OF ALEXANDRIA** | **CIVIL ACTION NO. 1:05-cv-01121** |
| **-vs-** | **JUDGE DRELL** |
| **CLECO CORP., et al.** | **MAGISTRATE JUDGE KIRK** |

## HEARING SUMMARY AND ORDER

On February 11, 2010, the Court held a hearing for the ostensible purpose of considering: (1) any objections to our ruling on a motion to quash (Doc. 348) filed by Sam Sansing ("Mr. Sansing"), which we granted in part and denied in part (Doc. 350); and (2) arguments on a motion to compel (Doc. 351) filed by the defendants, Cleco Corp. *et al.*, on February 5, 2010. However, because a number of other motions were filed prior to the time of the hearing, and because the Court is endeavoring to expedite consideration of such motions given the impending trial date in this case, we discussed various other issues as well. Our dispositions as to each of these matters are as follows.

First, as to our ruling on the motion to quash, counsel for Cleco expressed three principal concerns: (1) that documents produced in state court litigation involving Mr. Sansing, which are responsive to Cleco's production requests in this case, need to be designated by Bates number; (2) the withholding of some documents as protected by the work product doctrine without a privilege log; and (3) relevance objections stated by counsel for Mr. Sansing which seek to withhold production of documents

evidencing communications that Mr. Sansing has had with other municipal customers of Cleco not parties to this litigation.  Moreover, Mr. Sansing also filed a motion to file certain documents under seal with the Court (Doc. 362), which we considered during the hearing.  We will briefly address these issues in turn.

As to the documents produced in the ancillary state court litigation, the Court does not find that counsel for Mr. Sansing is under any further obligation to categorize documents beyond the designations included in a listing that was presented to the Court and opposing counsel during the hearing.  After receiving an affirmative representation from counsel for Mr. Sansing that all documents produced in connection with the state court litigation, combined with documents presented to the Court with the motion to file under seal, were fully responsive to Cleco's production requests, no further order from the Court is needed at this time.  Second, after explanation from counsel for Mr. Sansing to the effect that a listing of Bates numbers corresponding to the documents produced in the state court litigation has already been provided to Cleco, the Court will merely require counsel for Mr. Sansing to supplement his responses to the subpoena with a statement that the documents referenced in the disputed response reflect the same Bates numbers as were previously produced.  Finally, any of Mr. Sansing's audit documents related to a municipality (particularly the City of Opelousas) which is not a party to this litigation are not, at this time, deemed relevant or likely to lead to the discovery of admissible evidence.  Should relevance become obvious or arguable during the deposition of Mr. Sansing, at a later date, the issue may be reargued.  However, at this juncture, documents reflecting his audit are not deemed subject to discovery.

Next, Cleco filed a motion to compel against the City of Alexandria ("City"), arguing generally that: (1) the City has failed to allege fraud with sufficient particularity under Fed. R. Civ. P. 9(b); and (2) the City has failed to comply with certain requests for production propounded to it by Cleco involving documents provided to the City's expert and fact witnesses.  Indeed, Cleco has continued to urge and we note that Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud."  Id.  "'At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud.'"  U.S. ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 328 (5th Cir. 2003).  To this point, the City has completely failed to satisfy this obligation through supplementation of discovery, and must now do so or subject its fraud claims to possible dismissal.  However, judging from discussion at the hearing regarding the City's production of documents, it appears that the second portion of Cleco's motion is, in large measure, moot.  This is because counsel for the City has confirmed in open court that all documents furnished to expert and fact witnesses have also been furnished to Cleco.

In light of the foregoing observations, and with the further determinations described below, the Court hereby rules as follows:

(1)    counsel for Mr. Sansing is **ORDERED to supplement the response to the subpoena to Mr. Sansing, which supplement must state that the documents referenced in the disputed subpoena response reflect the same Bates numbers as were previously produced in the state court litigation;**

(2)    **at this time, documentation regarding audits performed by Mr. Sansing**

3

**for other municipalities not party to this litigation (including the City of Opelousas) is not relevant, and thus, is not subject to discovery;**

(3)    for purposes of clarity, communications between Mr. Sansing and Mr. Robert L. Beck, his present attorney, or his former attorney (who is now the mayor of Alexandria) during the existence of their attorney-client relationship, are privileged and not subject to disclosure, while communications between Mr. Sansing and the mayor of Alexandria in his capacity as such are not privileged;

(4)    Mr. Sansing's Motion to Submit Documents Under Seal **(Doc. 362)** is **GRANTED, but Mr. Sansing is ordered to reproduce the documents attached to that motion and provide them to counsel for Cleco and the City of Alexandria;**

(5)    for purposes of clarity, when any documents are received from third parties during the discovery process, all of those documents will immediately upon receipt be furnished to opposing counsel;

(6)    Cleco's Motion to Compel **(Doc. 351)** is **GRANTED IN PART**, and because the City's supplemental responses to interrogatories regarding the City's fraud allegations are insufficient under Rule 9(b), the City is **ORDERED to supplement its responses to state with particularity its fraud allegations ( meaning the "who, what, when, where, and how" details surrounding the alleged acts of fraud and misrepresentation committed by Cleco), by Wednesday, February 17, 2010,** and the City is furthered **ORDERED to file**

4

with the Court a copy of its supplemental responses on the same date;

(7)  upon representation from counsel for the City that, aside from certain email communications that must be identified through electronic searches, all documents provided to the City of Alexandria by Mr. Sansing have been produced to Cleco, the City is **ORDERED to supplement its responses to discovery to include such email correspondence by Monday, February 22, 2010, and such production will be limited to email communications which relate in any way to this litigation (i.e. to the City's utility operations), including all emails exchanged between Mr. Sansing and the City's utility director;**

(8)  upon representation from counsel for the City that all documents provided to the City's experts have also been provided to Cleco, no further order compelling production is necessary, but counsel for the City is **ORDERED to provide counsel for Cleco with a privilege log referencing any documents which the City claims should be protected by the attorney-client privilege or work product doctrines**; and

(9)  considering the Court's prior rulings on the discoverability of certain documents requested to be produced by Mr. Sansing, the City's Motion to Quash **(Doc. 359)** is hereby **DENIED AS MOOT.**

SIGNED on this _12th_ day of February, 2010, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

5