UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

THE CITY OF ALEXANDRIA      *     CIVIL ACTION NO. 05-1121

VERSUS                 *     JUDGE DRELL

CLECO CORPORATION, ET AL   *     MAGISTRATE JUDGE HILL

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

Pending before the undersigned for Report and Recommendation is the Rule 12(b)(6) Motion to Dismiss Intervenor's Tortious Interference with Contract Claim filed by plaintiff, the City of Alexandria ("City"), on February 13, 2009 [rec. doc. 158].[1] Oral argument on the motion was held, after which the undersigned took the motion under advisement. For the following reasons, I recommend that the motion be **GRANTED**.

**Background**

On April 17, 2007, Bridgett Brown ("Brown") filed a Petition for Intervention [rec. doc. 77], alleging that she was entitled to recover attorney fees, costs and expenses under the Contract for Legal Services and Contingent Fee ("contract") between her and the City. Brown contracted to represent the City as Special Counsel in the above-referenced matter, *City of Alexandria v. CLECO Corporation, et al*, Docket No. 05-1121 (the "CLECO case"). Then Mayor Edward G. Randolph, Jr. ("Mayor Randolph") signed

---

[1]The Motion for Partial Summary Judgment [rec. doc. 165] has been addressed in a separate Report and Recommendation.

the contract, after having been authorized to do so pursuant to Ordinance No. 214-2005

("Ordinance") which was adopted by the Alexandria City Council ("City Council") on

July 19, 2005.  By letter dated February 28, 2007, the City Attorney, Charles E. Johnson

("Johnson"), notified Brown that she was being terminated as special counsel.

On February 3, 2009, Brown filed an Amended and Supplemental Petition of

Intervention for Tortious Interference of Contract against Mayor Jacques Roy ("Mayor

Roy") and Johnson for defamation and tortious interference of contract. [rec. doc. 152].

Specifically, she alleges that Johnson conspired with Mayor Roy to purposely interfere

with her contractual rights and harm her business reputation by removing her without

cause from participation in the CLECO case "and with malice defamed her professional

reputation." [rec. doc. 152, ¶ 56].

### Law and Analysis

#### *Standard for Motion to Dismiss*

In deciding a Rule 12(b)(6) motion to dismiss, the court "accepts all well-pleaded

facts as true, viewing them in the light most favorable to the plaintiff."  *Guidry v.*

*American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (*citing In re Katrina*

*Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, __ U.S. __, 128

S.Ct. 1231, 170 L.Ed.2d 63 (2008)).  The plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face."  *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  "Factual allegations must be enough to

raise a right to relief above the speculative level, on the assumption that all the allegations

in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (citation and footnote

omitted).

In resolving a Rule 12(b) motion, the court is generally limited to considering only

those allegations appearing on the face of the complaint. *Collins v. Morgan Stanley Dean

Witter*  224 F.3d 496, 498 (5ᵗʰ Cir. 2000).  However, matters of public record, orders,

items appearing in the record of the case and exhibits attached to the complaint may be

taken into account. *Bly v. United Fuels & Lubricants, L.L.C.*, 2009 WL 1648910, at *1

(W.D. La. 2009) (*citing Chester County Intermediate Unit v. Pennsylvania Blue Shield*,

896 F.2d 808, 812 (3rd Cir.1990)).  "Documents that a defendant attaches to a motion to

dismiss are considered part of the pleadings if they are referred to in the plaintiff's

complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc*., 394

F.3d 285, 288 (5th Cir. 2004) (*citing Collins*, *supra*, at 498-99).

### Analysis of Law and Facts

This court's jurisdiction was originally invoked pursuant to 16 U.S.C. § 825p.

Brown's original Petition for Intervention cited LA. REV. STAT. § 37:218(A) as giving her

the right to intervene in this case for attorney fees, costs and expenses. In the Amended and

Supplemental Petition for Intervention [rec. doc. 152], there is no additional jurisdictional

basis asserted.  Clearly, LA. REV. STAT. § 37:218(A) does not apply to the cause of action

asserted in the Supplemental Petition.  To the extent that an additional jurisdictional basis is

needed, the undersigned assumes that Brown seeks to invoke the Supplemental Jurisdiction

of this court for the claims made in the Supplemental Petition of Intervention. 28 U.S.C.

§ 1367.  In any case, Louisiana law applies, since the intervenor relies on Louisiana law for

her cause of action.

Historically, a cause of action for tortious interference with contract was not available

in Louisiana.  *See Kline v. Eubanks*, 109 La. 241, 33 So. 211 (1902). However, in *9 to 5

Fashions, Inc. v. Spurney*, 538 So.2d 228 (La. 1989), the Louisiana Supreme Court

recognized a narrowly defined cause of action for the breach of duty by a corporate officer

to refrain from intentionally and unjustifiably interfering with the contractual relationship

between his employer and a third person.   The necessary elements to allege such cause of

action under Louisiana law are as follows:

> (1) the existence of a contract or a legally protected interest between the
> plaintiffs and the corporation; (2) the corporate officer's knowledge of the
> contract; (3) the officer's intentional inducement or causation of the
> corporation to breach the contract or his intentional rendition of its
> performance impossible or more burdensome; (4) absence of justification on
> the part of the officer; (5) causation of damages to the plaintiff by the breach
> of contract or difficulty of its performance brought about by the officer.

*Id*. at 234; *Southwest Louisiana Healthcare System v. MBIA Ins. Corp*., 2008 WL 5155752,

at *9 (W.D. La. 2008).

In *Spurney*, the Louisiana Supreme Court expressed its intention not "to adopt whole

and undigested the fully expanded common law doctrine of interference with contract." 538

So.2d 234-35. Accordingly, Louisiana courts generally have limited the application of

*Spurney* to its facts. *Spillway Investments, L.L.C. v. Pilot Travel Centers, L.L.C.*, 2004 WL

2988491, *7 (E.D. La. 2004) (*citing Spears v. American Legion Hosp.*, 00-865 (La.App. 3

Cir. 1/31/01), 780 So.2d 493 (no cause of action when defendant is not a corporate officer);

*Accredited Sur. and Cas. Co. v. McElveen*, 93-678 (La.App. 3 Cir. 2/2/94); 631 So.2d 563

(no expansion of *Spurney* to non-corporate officers), *writ denied*, 94-0915 (La. 5/20/94), 637

So.2d 483, *cert. denied*, 513 U.S. 963, 115 S.Ct. 424, 130 L.Ed.2d 338 (1994); *see also Great*

*Southwest Fire Ins. Co. v. CNA Ins. Co.*, 557 So.2d 966 (La.1990) (declining to recognize

a cause of action for negligent interference with contract).

Likewise, the Fifth Circuit has recognized the limitations of *Spurney* and has failed

to extend it beyond its facts:

> In *9 to 5*, the court held: It is not our intention, however, to adopt whole and
> undigested the fully expanded common law doctrine of interference with
> contract . . . [i]n the present case we recognize . . . only a corporate officer's
> duty to refrain from intentional and unjustified interference with the
> contractual relation between his employer and a third person. *Id*. at 234.
> Numerous cases in this Court and various Louisiana courts of appeal since *9
> to 5* have uniformly recognized the narrowness of Louisiana's tortious
> interference action. We recently observed that even the Louisiana appellate
> courts purporting to "expand" the cause of action have done so within the
> limited confines of *9 to 5*. Here, there have been no allegations of a corporate
> officer intentionally and unjustifiably interfering with a contract between his
> corporate employer and the appellants. Indeed, appellants have failed to
> identify an individualized duty existing between themselves and their alleged
> tortfeasors that could give rise to the type of delictual liability established by
> the Louisiana Supreme Court in *9 to 5*. Therefore, because appellants'
> allegations do not fall within the narrow parameters of Louisiana's tortious
> interference cause of action, their claims were properly disposed of in
> summary judgment.  (citations omitted, emphasis added).

*Egorov, Puchinsky, Afanasiev, & Juring v. Terriberry, Carroll and Yancey*, 183 F.3d 453, 457 (5th Cir.1999); *see also America's Favorite Chicken Co. v. Cajun Enterprises, Inc*., 130 F.3d 180, 185 (5th Cir.1997); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc*., 949 F.2d 1384 (5th Cir. 1991); *Marine & Indus. Healthcare Services, Inc. v. LaVie*, 2003 WL 1193677, at *3 (E.D. La. 2003).

Under Louisiana law, there is no cause of action for tortious interference with contract against one who is not an officer of a corporation.  *Spurney*, 538 So.2d at 234; *see also Hibernia Community Development Corp., Inc. v. U.S.E. Community Services*, 166 F. Supp.2d 511, 514 (E.D. La. 2001).  The parties have cited no cases in Louisiana extending *Spurney* to officers of municipal corporations.  After conducting independent research, the undersigned was also unable to find any such cases.  Accordingly, the plaintiff seeks to extend *Spurney*, by analogy, to the officers of a municipal corporation.

The plaintiff argues that the existence and breach of a fiduciary duty are the "key components" of a *Spurney* claim and since the officers of a municipal corporation owe a fiduciary duty to the municipality, that *Spurney* should be extended to the facts of this case. While this argument has some logical appeal, the undersigned declines to extend *Spurney* to the facts of this case.

The Louisiana state courts, and those federal courts sitting in Louisiana applying *Spurney,* have uniformly applied it narrowly, to the specific facts in *Spurney*.  Absent explicit authority from the Louisiana Supreme Court or, at the very least a Louisiana appellate court,

the undersigned declines to extend *Spurney* to officers of municipal corporations. The

undersigned sees no indication in the jurisprudence following the original decision in

*Spurney* that would allow the extension sought by intervenor here.

    The undersigned can say it no better than did the court in *Am. Waste & Pollution*

*Control Co. v. Browning-Ferris, Inc.,* 949 F.2d 1384, 1391 (5th Cir.1991), when it noted

> . . . it is up to the Supreme Court of Louisiana and not this court to
> change the substantive law of that state. It took the Louisiana Supreme
> Court almost 90 years to recognize a quite narrow cause of action for
> tortious contractual interference; it is not for this diversity court to
> expand that cause of action in the face of Louisiana's expressed
> unwillingness to do so.

    Accordingly, the undersigned finds that plaintiff's allegations do not fall within the

narrow parameters of Louisiana's tortious interference cause of action.[2]

    Additionally, based on policy considerations, I do not believe the Louisiana

Supreme Court would extend a tortious interference claim to a municipal officer, such as

the mayor or city attorney.  Such claims would have the potential to spur mass litigation

against municipal officers, and would likely invade the political domain, something which

courts do at their peril.

---

    [2]The undersigned is aware of the decision in *UniDev, L.L.C. v. Housing Authority of New Orleans*, 2008 WL 906308 (E.D. La. April 2, 2008). In that case, Judge Porteous denied a Rule 12(c) motion brought by HANO based on *Spurney*.  However, there is no discussion in that case of why *Spurney* should be expanded and no discussion of the refusal of other courts to extend *Spurney*.  To the extent that this Report and Recommendation is inconsistent with *UniDev,* the undersigned declines to follow the rationale of that decision.

## Conclusion

Accordingly, for those reasons set out above, **IT IS RECOMMENDED** that the motion to dismiss plaintiff's claim for tortious interference of contract be **GRANTED**, and that this claim be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED***

*SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

March 16, 2010, Lafayette, Louisiana.


_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE