

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **CITY OF ALEXANDRIA** | **CIVIL ACTION NO. 1:05-cv-01121** |
| **-vs-** | **JUDGE DRELL** |
| **CLECO CORP. et al.** | **MAGISTRATE JUDGE KIRK** |

### RULING & ORDER

Remaining pending in the captioned matter are the claims of the Intervenor Plaintiff, Bridgett Brown ("Ms. Brown"), against Intervenor Defendants the City of Alexandria ("City"), Mayor Jacques Roy ("Mayor Roy"), and City Attorney Charles E. Johnson ("Mr. Johnson"). Initially, Ms. Brown intervened of right pursuant to Fed. R. Civ. P. 24(a)(2) to protect her purported interest in attorney's fees arising from a contingency fee contract in which the City retained her legal services. (Doc. 77). Only the City was included as an intervenor defendant in this first complaint. However, Ms. Brown subsequently filed two amended intervenor complaints (Docs. 152, 199). These complaints contain additional claims for damages, aside and apart from Ms. Brown's claim to recover attorney's fees. In the first amended intervenor complaint, Ms. Brown also added Mayor Roy and Mr. Johnson as intervenor defendants in their official capacities, although neither individual was a party to the principal litigation.[1]

The first of these additional claims against Mayor Roy and Mr. Johnson was for tortious interference with contract. This claim was directly related to the termination

---

[1] The magistrate judge issued orders granting motions for leave of court to file both amended complaints. (Docs. 151, 198).

of Ms. Brown's legal services contract with the City, and any right to recovery under this claim is inextricably linked to Ms. Brown's contract. As such, the Court appropriately considered a motion to dismiss this claim (Doc. 158) filed by the City, and ultimately ruled that, as a matter of law, Ms. Brown had failed to state a claim for tortious interference upon which relief could be granted (Doc. 432).

However, Ms. Brown's first amended intervenor complaint (Doc. 152) contains an additional cause of action, as well as a number of unrelated claims for damages. Specifically, Ms. Brown alleges that Mayor Roy and Mr. Johnson should be liable to her for defamation, and damages caused by besmirchment of her business reputation, emotional distress, and aggravation of preexisting medical conditions. (Doc. 152, pp. 16-17). In her second amended intervenor complaint, Ms. Brown "reasserts and realleges [sic] all of the allegations and claims contained in" her first two complaints. (Doc. 199, p. 1). In other words, Ms. Brown's claims for defamation and emotional damages are still in dispute.

The Court finds that these additional claims are completely foreign to this litigation. They do not relate to Ms. Brown's "interest relating to the property or transaction that is the subject of the [principal] action," which justified Ms. Brown's intervention. Fed. R. Civ. P. 24(a)(2). Whether Ms. Brown was defamed or suffered emotional damages are issues distinct from whether she is entitled to recover under her contingency fee contract with the City. The nature of our jurisdiction over Ms. Brown's intervention is supplemental. See Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 292 n.4 (5th Cir. 2010) (quoting 28 U.S.C. § 1367(a)) ("'Such

supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.'"). We will not strain the exercise of that supplemental jurisdiction to consider claims which are utterly disconnected from the original basis of the intervention.

Therefore, **IT IS HEREBY ORDERED that Ms. Brown's claims for defamation, and for relief arising from damages to her business reputation, emotional distress, and aggravation of preexisting medical conditions** are hereby **DISMISSED WITHOUT PREJUDICE.**

Accordingly, because the claims dismissed herein are the only remaining claims pending against the individual intervenor defendants, **Mayor Roy and Mr. Johnson are hereby DISMISSED WITHOUT PREJUDICE as intervenor defendants.**

The only issues that remain with regard to the intervention are: (1) the Intervenor Defendants' Motion for Partial Summary Judgment (Doc. 165), which pertains to whether Mr. Johnson had the authority to terminate Ms. Brown's representation of the City; and (2) in any event, whether Ms. Brown was terminated with or without cause, which will, in due course, determine the method of calculating any monetary recovery to which Ms. Brown may be entitled.

SIGNED on this 3rd day of August, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE