RECEIVED
IN ALEXANDRIA, LA.
DEC 23 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CITY OF ALEXANDRIA | CIVIL ACTION NO. 1:05-1121 |
| -vs- | JUDGE DRELL |
| CLECO CORPORATION, et al. | MAGISTRATE JUDGE KIRK |

## ORDER

Before the Court is the Motion for Preliminary Injunction filed by third-party defendant John M. Sharp (Document No. 501), which has been adopted by third-party defendant H. Craig Davidson, Jr. (Document No. 506) and intervenor Bridgett Brown (Document No. 543). Movers contend they, as former attorneys for the City of Alexandria, are entitled to a portion of the settlement proceeds to be applied to their contractual attorney's fees arising from the underlying claims, which were dismissed by Judgment dated February 24, 2010 (Document No. 379).

There is no question this Court's subject matter jurisdiction to resolve the post-settlement attorney's fee dispute arises under 28 U.S.C. § 1367, which provides, in pertinent part:

> (a) . . . [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

A tangential matter has recently arisen regarding the potential fund from which any appropriate attorney's fee award may be satisfied. Specifically, in November 2010, Mr. Sharp, Mr. Davidson, and Ms. Brown asked this Court to sequester certain monies which they contend are subject to their perfected attorney's fee liens under La. R. S. 37:218. (Document Nos. 498, 505, and 506.) The claimant attorneys also asked that the City of Alexandria be enjoined from disbursing $3 million to which they claim their liens have attached. (Document No. 501.) We granted a Temporary Restraining Order to allow appropriate briefing and oral argument on the issues and to prevent what was an imminent Resolution from the Alexandria City Council to pay the $3 million fund to another. (Document No. 503.) On December 16, 2010 we refused to sequester the funds (Document No. 531), and we set a hearing date on the motion for preliminary injunction (Document No. 533). The Temporary Restraining Order was likewise extended in the interim. (Document No. 523.)

Framing the issues in this case to their simplest form, essentially the claimant attorneys want us to ignore the Louisiana constitutional and statutory scheme which provides the method by which municipal funds may be spent and the limits on execution. The City, on the other hand, wishes for us to ignore the state statutory scheme allowing perfected attorney's fee liens on settlement proceeds where, as here, money changed hands between the parties (the Cleco defendants and the City), with the money being designated in the settlement as reimbursement to the City for attorney's fees previously paid to the City's present attorneys. Parenthetically, we also note that

these attorney's fee liens are not merely statutory; they were granted by the City in the claimant attorneys' respective contracts.

Briefing by the parties and our research to date reveal no applicable Louisiana precedent on how a court is to balance the equitable remedy of injunction against certain municipal funds with the statutory and contractually confirmed attorney's fee liens with which we are presented in this case. We broached what authority and what likely effects there might be in our recent ruling on the City's Motion to Dissolve the Temporary Restraining Order. (Document No. 531.) Frankly, we had hoped that during the pendency of the Temporary Restraining Order, the parties would be able to reach a compromise they deemed equitable, and we diligently encouraged such resolution. Unfortunately, however, that was not to be, and we are squarely faced with an issue of Louisiana law that, as far as we can tell, is essentially *res nova.*

Under these circumstances, we turn to the language of 28 U.S.C. § 1367(c), which provides, in relevant portion: "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (1) the claim raises a novel or complex issue of State law." The decision whether to exercise supplemental jurisdiction over particular state law issues once the underlying federal claims are dismissed is within the discretion of the trial court and should be based upon the "factors set forth in section 1367(c) and considerations of judicial economy, convenience, fairness, and comity." Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008). The "interests are to be considered on a case-by-case basis, and no single factor is dispositive." Id.

In the matter at hand, the judicial economy factor almost jumps off the page. If we retain jurisdiction over the attorney's fee lien/injunction issue, we can easily envision a scenario in which, because of the novelty of the issues, an appeal is taken to the Fifth Circuit. From there, given the lack of Louisiana jurisprudence, there is a reasonable possibility the appellate court would have to seek guidance from the Louisiana Supreme Court or otherwise make an Erie[1] guess with little to go on. This process seems inevitably time-consuming and cumbersome. Thus, if we decline jurisdiction on this limited question, the parties may seek direct resolution through the state court system, if they choose to do so, thus saving substantial time and money. Further, since decisions regarding the liens and the injunction are not essential to our determination of what attorney's fees may or may not be due, these issues, then, are a separate and completely different case or controversy. Therefore, there is no need to delay consideration of the attorney's fee claims while these side issues meander through the appellate process.

For these reasons, we find it unwise to exercise further supplemental jurisdiction over the claimant attorneys' requests for injunctive relief. Accordingly,

IT IS ORDERED that the Motion for Preliminary Injunction filed by third-party defendant John M. Sharp (Document No. 501), which has been adopted by third-party defendant H. Craig Davidson, Jr. (Document No. 506) and intervenor Bridgett Brown (Document No. 543), is DENIED. The previously issued Temporary Restraining Order is likewise, now, dissolved.

---

[1] Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).

4

IT IS FURTHER ORDERED that the hearing scheduled for December 23, 2010 is UPSET and CANCELLED.

This Court retains jurisdiction over the attorney's fee claims otherwise and all other orders and deadlines pertaining to them remain in effect; that includes the order to mediate the attorney's fee claims.

SIGNED on this 22nd day of December, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE