RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/24/11
     JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CITY OF ALEXANDRIA | CIVIL ACTION NO. 05-1121 |
| -vs- | JUDGE DRELL |
| CLECO CORPORATION, et al. | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before us now are the following motions: (1) by H. Craig Davidson, Jr. for reconsideration (Document No. 491) of our October 19, 2010 Order (Document No. 489) wherein we, sua sponte, ordered the dismissal of Cleco Corporation and Cleco Power, L.L.C. (collectively referred to hereinafter as "Cleco") from the action for attorney's fees filed by Davidson and others; (2) by John M. Sharp for leave to file a third-party complaint against Cleco (Document No. 453); and (3) by John M. Sharp alternatively to designate the proposed third-party complaint as a counterclaim or cross-claim (Document No. 484). For the reasons which follow, all three motions are DENIED.

In our October 19, 2010 order, we challenged Cleco's being a party in these, collateral, attorney's fee claims as it had been dismissed, with prejudice, from the original action. The pending demands are for attorney's fees based upon the hiring by and representation of the City of Alexandria by the claimant attorneys. Totally absent from the record is any suggestion that any claimant attorney provided one minute of

work for Cleco, and it would have been unethical for that to occur in any event. **This is a contractual dispute between the City's attorneys and the City, nothing more.**

One of the grounds on which movers wish to have Cleco included in what remains of this suit is the suggestion that, based upon the City's contract with Cleco, Cleco holds assets that could be levied upon to satisfy any successful attorney's fee judgment. Counsel argue that this extremely tenuous connection is relevant because the contract between Cleco and the City resulted from the settlement of the main demand. What they skillfully do **not** broach, however, is the point that, if Cleco can be said to have any responsibility to the other party's lawyers, then conceivably anyone who has a contract with any represented party could arguably be haled into court because the attorney has a lien on "settlement" assets.

Interestingly, during our hearing on the claimant attorneys' attempts to sequester cash paid to the City as part of the settlement, the Court observed that the attorneys essentially conceded they could not possibly sequester the contract assets, and indeed, limited their requests to the cash sum paid.

Too, movers now suggest the addition of Cleco to this action will promote judicial economy. We observe, however, that this is far from reality. Already, by their conduct, these claimant attorneys have exhibited no penchant for litigating less, but rather for more and more posturing over what we still believe are relatively simple issues. The Court has already had to be involved in direct refereeing of depositions, placing limitations on unnecessary discovery, and preventing the rehashing of matters previously precluded. Movers argue they were not parties to the original lawsuit. That

2

is true. They were each attorneys for a party during a portion of the proceeding. No point of law contemplates that an attorney is entitled to relitigate all aspects of a suit in which he was involved. The nature of legal representation is similar to an action in tort. The attorney takes the case as he finds it. Otherwise, **every** disputed attorney's fee claim could result in an even greater plethora of litigation with parties who would have no expectation of returning to court and who had settled their claims in the entirety.

Even if we were to consider some equitable basis for adding Cleco back in, such action would still not be warranted at this point. First, it is simply unfair to the settling party to be haled back into court where, as here, there is absolutely no credible suggestion that the liquid assets of the City of Alexandria are unavailable to fund any award of attorney's fees to these lawyers. Of course, the City, as a political subdivision, may attempt to prevent payment based upon its immunity from seizure[1], but this case presents squarely before us whether the City **could** try to block satisfaction of a judgment on that basis, even if it wanted to, given that it contracted with the attorneys subject to the attorney's fee lien laws of Louisiana.[2] Put simply, the Court has always viewed this case as one about the **amount** due these attorneys, not whether the contracts are valid and create an obligation on the part of the City. The City has conceded as much.

Finally, the Release and Indemnity Agreement between Cleco and the City has the following clause:

---

[1] See La. Const. art. 12, § 10.

[2] See La. R.S. 37:218.

3

> Upon execution of this Agreement . . . the Parties shall instruct their respective counsel of record in the Lawsuit to execute a joint motion to dismiss all claims with prejudice, with the final judgment providing that each party will bear and pay its own costs and attorneys' fees. . . . Each of Cleco and Alexandria shall defend, indemnify and hold the other harmless from any claims asserted by the other Party's attorneys, experts, consultants or contractors seeking payment of such costs or fees.

(Document No. 498-2, p. 5.)

At this point, with no proof the City would be unable to satisfy any potential judgment, it would be futile to bring Cleco into the suit simply to have them assert their indemnification rights on a claim which appears to be extinguished by the doctrine of confusion.[3]

For these reasons,

IT IS ORDERED that the Motion for Reconsideration and to Alter or Amend Judgment (Document No. 491), the Motion for Leave to File Third-Party Complaint (Document No. 453), and the Motion for Leave to File Third-Party Complaint and Incorporated Motion Alternatively to Designate Proposed Pleading as Counterclaim or Cross-Claim (Document No. 484) are DENIED.

SIGNED on this 24 day of May, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[3] La. Civ. Code art. 1903, et seq.